**In re Henry R. SCHIAVONI and Angela Schiavoni, Debtors.**

**Henry R. SCHIAVONI and Angela Schiavoni, Plaintiffs,**

v.

**BENEFICIAL CONSUMER DISCOUNT CO. INC., Philadelphia Consumer Discount Company, Inc., Princeton Consumer Discount Co., Inc. and Southeast National Bank, Inc., Defendants.**

**Bankruptcy No. 80–00569K.**
**Adv. No. 81–1089K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

April 13, 1982.

Eugene J. Malady, Upper Darby, Pa., for plaintiffs/debtors.

James J. O'Connell, Philadelphia, Pa., Trustee.

L. P. Goldberger, Philadelphia, Pa., for defendant Consumer Disc. Co., Inc.

Richelle Hittinger, Philadelphia, Pa., for defendant/Southeast Nat. Bank.

Edward J. DiDonato, Philadelphia, Pa., for defendant Beneficial Consumer Disc. Co.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on a complaint filed by the debtors to determine

the extent of the security interests of several allegedly secured creditors. The extent of a secured claim, in the first instance, is dependent upon the value of the collateral in question. The issue which is before the Court, therefore, is the value of the collateral. All the creditors, joined as defendants, hold liens on the debtors' residence at 504 Argyle Road, Upper Darby, Pennsylvania. The Court finds the value of this premises to be $74,500.[1]

On March 20, 1980, the debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The following creditors filed proofs of claim alleging that they held secured claims:

(1) Lomas and Nettleton Company, as holders of a validly perfected first lien with a stipulated balance of $62,387.89;

(2) Southeast National Bank, as holders of a judgment lien with a stipulated balance of $11,343.66, which lien is superior to all other liens except the mortgage of Lomas and Nettleton;

(3) Philadelphia Consumer Discount Company, Inc., as holders of a mortgage allegedly perfected on December 19, 1975, with an alleged balance of $2,138.06;

(4) Beneficial Consumer Discount Company, Inc., as holders of a mortgage alleged to have been perfected on December 24, 1975, with an asserted balance of $3,081.14; and

(5) Princeton Consumer Discount Company, Inc., with a mortgage alleged to have been perfected on July 2, 1979, with an alleged balance of $3,780.00.

The total of all claims which claim an interest in the debtors' property is $82,730.75. The debtors contend that Beneficial does not have a valid lien because the loan in question had been repaid. The validity of the other liens is not in question.

On October 7th and 29th, 1981, hearings were held in an attempt to determine the value of the residence at 504 Argyle Road. Valuation of this property, which is the collateral for the above creditors, can be important.

Section 506 of the Bankruptcy Code provides that a creditor holds a secured claim only to the extent to his interest in the collateral.[2] Thus, if the collateral is worth less than the amount owed to a creditor, the creditor will have an unsecured claim for the deficiency. Section 506(d) provides that liens may be avoided to the extent to which they do not secure an allowed secured claim. In this case, therefore, if the value of the collateral is less than the total encumbrances; the liens which do not secure an allowed secured claim may be avoided.

The determination of secured status is of special importance in a Chapter 13 case. In order for a Chapter 13 plan to be confirmed, secured creditors must either accept the plan or the plan must pay the allowed amount of the secured claim.[3] Unsecured creditors, however, are subject to a much lesser standard. The determination of secured status will have an important effect on the terms and conditions of the debtor's plan.

The issue before the Court is the value of the debtors' residence, which serves as collateral for the above loans. The valuation will allow the debtors to determine the amount of the secured claims and formulate their plan.

In the absence of exceptional circumstances, the value of the collateral is to be set at that amount which would obtained from the most commercially reasonable disposition practicable under the circumstances. *In re Savloff*, 4 B.R. 285 (Bkrtcy.E.D. Pa.1980). In this case, such value would be the fair market value. A great deal of testimony was taken on this issue at the two (2) hearings. Both the secured creditors and the debtors introduced testimony from qualified real estate appraisers.

After consideration of the evidence, the Court finds that the value of the prop-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 11 U.S.C. § 506(a).

3. 11 U.S.C. § 1325(a)(5).

erty is $74,500. The testimony showed the premises to be in very poor condition. Although evidence of comparable sales in the area which is a very significant factor in determining market value, indicated that a fairly high value could be set for this property.[4] The deterioration of the property, however, forces the Court to assign a lower value to the premises.

4. The average of the comparable sales was approximately $80,000.